# Connelly *against* Nedrow.

When unseated land is sold for the payment of taxes for a sum exceeding the amount of taxes and costs due, a surplus bond for the residue is indispensable to the validity of the title; the payment of the whole amount of the purchase money to the treasurer cannot be taken as a substitute for it.

ERROR to *Somerset* county.

This was an action of ejectment, by Bernard Connelly, Jun., against Peter Nedrow. The opinion of the court below was assigned for error.

· Baird, president. The plaintiff, in this case, claims the land, by virtue of a treasurer's sale, made by John Patton, treasurer of the county of Somerset. The deed from Patton to Bernard Connelly and Chauncey Forward, Esq., bears date on the 4th day of September 1826, and was acknowledged in court, on the 6th day of the same month. This deed recites taxes due, for the years 1818, 1819, 1820, 1821, 1822, 1823, 1824, amounting to 10 dollars 75 cents. It is admitted by the defendants, that these taxes were assessed and remained due, and unpaid on the land, at the time of the sale by the treasurer, and when the deed was made. This deed remained in the hands of John Patton, treasurer, till his time of office expired, and was by him handed over to Jacob Neff, his successor in office, who, on the 29th of February 1829, delivered it to Bernard Connelly, upon the payment of the purchase money. The amount for which the land was sold by the treasurer, was 41

[Connelly v. Nedrow.]

dollars, so that there was a balance, after paying the taxes due on the land, of 30 dollars 43 cents. On the 3d of March 1829, Chauncey Forward, Esq., gave a paper to Mr Connelly, which has been read in evidence, which brings the title, under the treasurer's deed, to Mr Connelly, in the whole tract. At the time the deed was delivered, by Jacob Neff, to Bernard Connelly, he (Connelly) paid 41 dollars to Neff, the whole of the purchase money, and it is admitted, that he gave no bond for the balance, above the amount of taxes due. I am of opinion, that under these circumstances, the want of a bond for the surplus above the amount of the taxes, is a fatal objection to the plaintiff's title. The act of assembly requires that the treasurer should take the bond, and file it in the office of the prothonotary, that it may remain a lien, according to the provisions of the act, on the land. The treasurer has no right to receive any more than the amount of the taxes due. That was all that was coming to the county, and it was the duty of the purchaser to give his bond for the balance, that it might be filed, and a lien created on the land. Having neglected to do this, the sale and treasurer's deed are void, and the plaintiff cannot recover.

To which opinion of the court, the counsel for the plaintiff excepted.

Errors assigned.

1. The court erred, in charging the jury, that upon the facts of the case, as set forth in said charge, the treasurer's sale and the deed made pursuant thereto were void.

2. The court ought to have charged the jury, that upon the facts of the case, as above stated, the plaintiff was entitled to recover, and their omission to do so was error.

*Forward*, for plaintiff in error, cited 4 *Watts* 363.

*Austin*, for defendant in error, cited 10 *Serg. & Rawle* 238; 14 *Serg. & Rawle* 349; 2 *Penns. Rep.* 162.

PER CURIAM.—It is settled, that the surplus bond is indispensable; and there is a conclusive reason why a deposit of money should not be taken as a substitute for it. By the act of 1804, it is directed to be a lien on the land, for which the personal security of the treasurer is not an equivalent. Even his sureties would be irresponsible for what would certainly be an unofficial act; for, though the second section of the act of the 13th of March 1815, provides that the treasurer, for the time being, when consummating a sale made by a predecessor, shall execute the deed "upon the full discharge and payment of the money or price for which the lands were sold," it is evident the direction relates to the taxes and costs, and not to the case of a surplus which was not thought of. The clause was evidently penned by one who had not the precedent provision before him; for it surely could not have been

meant to give the former owner a lien, under a deed made by the officer who conducted the sale, and personal security, under a deed made by his successor; and as there is no imaginable motive for such a difference, it is not to be intended,

Judgment affirmed.