## Cuttle *versus* Brockway.

1. A county commissioner has no right to purchase for himself land sold at a treasurer's sale at a price *less* than the amount of taxes and costs charged against it; but he may purchase at a price *exceeding* the taxes and costs.

2. A bond for the surplus beyond the taxes and costs is indispensable to the validity of a treasurer's sale; but after a deed had been given it was incumbent on the plaintiff, who claimed under the warrantee, in an ejectment against the purchaser at treasurer's sale, denying the existence of such a bond, to show that none was given; or at least to show some ground for his assertion before he could require the purchaser to prove that a bond was given.

3. The right of the treasurer to make the sale may be shown by the books from the commissioners' office in which the taxes were charged; and whether the charges therein are regular or irregular is not material.

4. Such books or papers may be given in evidence in ejectment, if shown to belong to the commissioners' office by any one who knows the fact. The clerk who made the entries therein need not be called.

ERROR to the Common Pleas of *Elk county*.

This was an action of ejectment by John L. Cuttle v. Chauncey Brockway, brought to October Term, 1853, for 300 acres of land in Jay township, Elk county, being part of a tract, No. 4185, warranted in the name of James Wilson. The 300 acres was a subdivision of the tract, and was marked by boundary lines.

The plaintiff claimed by title under the warrantee, by deed dated 17th July, 1851.

The defendant claimed under a treasurer's deed, dated 20th September, 1848, made in pursuance of a sale for taxes of 1846.

[Cuttle *v.* Brockway.]

The defendant was an acting commissioner of Elk county in 1848, when the sale took place.

On the trial, after the treasurer's deed to Brockway, the defendant, was given in evidence, C. Horton was called on part of the defendant, and he testified that P. Little was clerk to the commissioners in 1846-7-8. The entries in the books produced are in his handwriting. The books—one for county and state taxes, and the other for road and school tax—are original books made by the commissioners. They keep no other. They are made from the assessors' duplicates and the transcripts of the supervisors and school directors. These books are transcribed into the large book which is kept by the *treasurer*, in which entries are made by him of payment of taxes, or sales, and of the redemption of lands sold.

He further said he could not say that the books produced were true transcripts of the assessments and transcripts.

The transcript of the supervisor of Jay township for 1846 was given in evidence; and also the warrant for the tract No. 4185. Tax $2.

The defendant's counsel offered in evidence the two books identified by Horton, and also the treasurer's book, to show the assessment of taxes for 1846 and 1847, upon the land in dispute.

It was objected that the proof of the entries was not made by the clerk who made them, and who was not shown to be out of the state or dead; and because the books are transcripts, and not original. The objections were overruled.

The amount of the sale did not appear on the paper-books.

The plaintiff, on the 20th December, 1852, paid to the treasurer of Elk county $27.56, for redemption of the land in dispute, and also paid certain taxes for it.

The Court was requested to charge that if Brockway was an acting commissioner of Elk county at the time of the sale, he could not purchase land for his own benefit. 2. That if the purchase was made for the *county*, the tract had been redeemed. 3. That the *defendant* having failed to show that a bond for the surplus money, bid at the sale, was given, he could not recover.

WHITE, P. J., charged, that the evidence showed that the defendant purchased on his own account, and, though commissioner, he had a right to do so; and that the failure to show that a bond for the surplus money was filed did not defeat the defendant's title, and he was entitled to a verdict.

Error was assigned to the admission of the books from the commissioners' office. 2d and 3d. In charging as stated.

*Lucas*, with whom was *Barrett*, for plaintiff in error.

[Cuttle v. Brockway.].

The opinion of the Court was delivered by

BLACK, C. J.—This was ejectment for land which the defendant bought at a treasurer's sale for taxes. The plaintiff argued below and here that he ought to recover because the defendant was county commissioner at the time he purchased, and because he gave no proof on the trial that he had filed a bond for the surplus of purchase-money over taxes and costs.

A commissioner has no right to take a deed in his own name for a tract of unseated land sold by the treasurer at a price less than the amount of taxes and costs charged against it. Probably such a deed would be void if made to any individual, for the treasurer has no right to sell for less than what will pay taxes and costs to any but the commissioners, and to them only in their official capacity, and for the use of the county. But that was not the case here. The land in dispute sold for more than the taxes and costs. When the bidding reached that point, the defendant's duty to the county, as one of her commissioners, was ended, so far as regarded this business. He was not only under no obligation to bid higher, but his doing so would have been a violation of law. There being then no conflict between his public duty and his interest as a private citizen, what was there to forbid him more than any body else from becoming the purchaser?

A surplus-bond is indispensable. The deed recites that one was given in this case. It ought to be presumed, even if the fact had not been mentioned in the deed. There is nothing to which the maxim *omnia præsumuntur rite esse acta* applies with so much force as to a tax title. We cannot indeed disregard it without violating the statute. The burden is therefore on the party who denies that a bond has been filed, to show at least some ground for his assertion before he can call for proof from the other side. Connelly v. Nedrow, 6 *Watts* 451, cited by the plaintiff in error for the contrary doctrine, does not sustain him, for there it was clearly proved and distinctly admitted that no bond had been filed.

The right of the treasurer to make the sale was established by producing the books from the commissioners' office in which the taxes were charged. It is no matter whether these charges were regular or irregular. This has been often decided. Books or papers in which the charges are made may be given in evidence, if shown to belong to the office by any witness who knows the fact. The objection that the clerk who made the entries was not called was well overruled.

Judgment affirmed.