# John L. Rupert, Henry E. Rupert and Sarah F. Rupert v. John E. Delp, Appellant.

*Tax title—Ejectment—Treasurer's responsibility for nonpayment—Question for jury.*

The question whether the neglect to pay taxes was due to the agent of the owner or to the treasurer is not immaterial in a suit to recover on a tax title after expiration of five years and where the evidence leaves this question in doubt the question is for the jury.

*Question for jury—Tax title—Rebuttal of—Presumption of regularity.*

The presumption of regularity in a treasurer's sale of land for taxes may be rebutted and when there is evidence in the case tending to rebut such presumption the question is for the jury.

*Ejectment—Tax title—Statute of limitations—Proof of requisites.*

Where ejectment is brought under a tax title more than five years after the sale, the plaintiff, in order to recover must show the requisites declared by the Act of April 3, 1804, 4 Sm. L. 200.

*Ejectment—Tax title—Evidence—Proof of surplus bond required.*

One of the requisites or indispensable elements of a good title under a treasurer's sale, where the land sold for a sum greater than taxes and costs, is a surplus bond.

Argued March 15, 1898. Appeal, No. 15, March T., 1898, by defendant from judgment of C. P. Cumberland Co., on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Ejectment. Before E. W. BIDDLE, P. J.

It appears from the evidence that the plaintiffs, claiming under a purchaser at a treasurer's tax sale, brought their ejectment against the defendant claiming under the owner at the time the sale was made. The sale was made June 9, 1884 ; the action was instituted April 14, 1896.

At the trial the court under objection rejected the following offer of testimony on behalf of the defendant : " Defendant proposes to offer tax receipts for the various years from 1884 to 1896, being payment of taxes on this tract of land by the witness, by Mr. Hoffman and by Mr. Wierman, this to be followed by evidence showing that they were actually paid by the parties named in the various receipts, on this tract of land, for the owners Lavinia Myers and Mr. Delp, the defendant, who continued to own this tract since the sale of same for taxes in 1884 to the present date. This for the purpose of showing, in connection with other testimony, the actual possession of the property by the owner ; that this tract of land is fenced in, that since 1884 annually it has been in the possession of the owner, that one of the adjoiners, Mr. Howe, has improved land up to it ; that Mr. Houck, another adjoiner, has improved land up to it, that Mr. Conrad, another adjoiner, has improved land and fenced up to it ; that since the sale for taxes, and up to 1894, Lavinia Myers has annually been in the actual possession thereof, by cutting wood and making rails during each year, that since 1894, the time of the sale to Mr. Delp, the defendant, it has been in his possession, and is a part of his improved land ; that

the tract is all fenced in at the present time, and has been for fifteen years, this for the purpose of showing that since 1884 the owners, to wit, Lavinia Myers and John Delp, have been in the actual possession of this tract of land, said possession being evidenced by the fact that the tract has been fenced in, wood-cut and rails made, and in connection with the fact that the plaintiffs have not filed a surplus bond, as required by the act of assembly." [1] And the following offer of evidence on behalf of the defendant: "The testimony of the plaintiff is, that Cornelius Myers did not own any land subject to tax in Cumberland county in 1884, and had no knowledge of the assessment of the John Brough lot in his name. Defendant now offers to show that in Cumberland county the county treasurer is the custodian of the tax duplicates, and collector of said taxes, and on May 22, 1884, W. H. Longsdorf was the treasurer of Cumberland county; that on said date Cornelius Myers, representing the owner, Lavinia Myers, went to the county treasurer, at Carlisle, Pa., to pay the returned and unpaid taxes assessed against the said Brough lot and himself, in good faith attempted to pay all such taxes, and was informed by the county treasurer that the total amount of said taxes with fee was two dollars and thirty-six cents, and the said treasurer accepted the same and delivered receipt marked R. B. "B." to the said Cornelius Myers. This for the purpose of showing that the county treasurer in Cumberland county had possession of the tax books and knowledge of the assessments, etc., and that the owner made an honest attempt to pay said taxes on her land, and that the open tax of seventy cents for 1883 was not marked paid by the treasurer, or overlooked by him, and thus the land was sold after this attempt to pay the taxes, and that no title passed to Howard Rupert, the purchaser." [2]

And the following offer of evidence on behalf of the defendant: "Defendant offers to show payment of taxes for the land in dispute from 1884 to the present time, by Lavinia Myers and the defendant, Mr. Delp, the owners of said tract; that this tract of woodland is not wild, unseated mountain land, but land located in a farming settlement, surrounded by fences and improved lands; that the whole woodland tract has not exceeded thirteen acres since 1883, and is all, except about one acre, owned by the defendant, and has been since 1894 connected

with and assessed in connection with the farm of defendant; that since 1884 the owners have had actual possession of said tract and have annually in season occupied the same with choppers, cutting wood, rails, etc., upon the same, and removed the same during the year up to 1894, when the same was sold to the defendant, and included within his improved tract upon which he personally resided. This for the purpose of showing actual possession of said tract continuously since 1884, and to require the plaintiffs to show filing of surplus bond in the prothonotary's office." [3]

The court sustained the following motion of plaintiffs' counsel: "The court is now respectfully moved that all the testimony on the part of the defendant, so far as it relates to any acts of ownership, or what they call possession, has no bearing in this case and is not pertinent to the issue.

"Secondly, the court is asked to withdraw from the consideration of the jury the receipt of the treasurer dated May 22, 1884, for the reason that the records show that that payment was applied to the tract of land assessed in the name of John Brough, and not applied to the payment of taxes on land assessed in the name of Cornelius Myers, for the unpaid taxes for which it was sold, and that the receipt itself, in connection with the record, does not show payment of taxes on this land, for which the property was sold, and that it does not show that Cornelius Myers was misled by the treasurer; that there is nothing in the testimony of the treasurer of Cumberland county to show that there was any misleading of Cornelius Myers on this point.

" And thirdly, that the testimony of the treasurer should also be withdrawn from the consideration of the jury." [4]

The court charged the jury, inter alia, as follows: "At the expiration of the appointed period for redemption, namely two years, a deed was duly delivered by the treasurer to Howard Rupert, the purchaser, and the conditions to be complied with in the way of payment of purchase money, and all other conditions of the purchase, were in fact carried out so far as this case is concerned." [5]

And instructed the jury: "The only question that will be submitted for your consideration is, was the tract which was assessed and by virtue thereof sold to Howard Rupert, the tract of land in contention in this case?"

Verdict for plaintiffs. Defendant appealed.

*Errors assigned* were (1–3) rejection of defendant's offers of testimony, reciting same. (4) In sustaining plaintiff's motion to withdraw testimony. (5) To portion of the judge's charge, reciting same.

*Conrad Hambleton*, with him *J. W. Wetzel*, for appellant.— The failure of Howard Rupert, the treasurer's vendee in the tax sale in plaintiffs' chain of title, to file a surplus bond rendered the deed to him void. The evidence of defendant's possession and his offers contained in the first and third specifications of error were therefore relevant to the issue and should have been admitted: Sutton v. Nelson, 10 S. & R. 237; Rogers v. Johnson, 67 Pa. 43.

A bona fide attempt on the part of the owner of the unseated land to pay the taxes on the same frustrated by the negligence of the county treasurer is equivalent to an actual payment of said taxes; and the sale of land for the taxes after such attempt is void for want of jurisdiction and conveys no title to the purchaser. The evidence on the part of the defendant of such an attempt prior to the treasurer's sale in this case should have been submitted to the jury, and the court erred in withdrawing it from their consideration: Breisch v. Coxe, 81 Pa. 336; Lumber Co. v. Wells, 157 Pa. 5.

*J. M. Weakley* and *John Hays*, for appellees.—That the bond was given as required by the act of April 3, 1804, is to be presumed even if the fact is not mentioned in the deed: Cuttle v. Brockway, 24 Pa. 145; Coxe v. Derringer, 78 Pa. 271.

The omission of the treasurer to file a bond given for the surplus purchase money of a tract of land sold for taxes, does not vitiate the purchaser's title: White v. Willard, 1 Watts, 42.

The purchaser of unseated lands from the treasurer has a good title, although his surplus bond was never filed: Burns v. Lyon, 4 Watts, 363.

To the same effect are the cases: Fager v. Campbell, 5 Watts, 587; Robinson v. Williams, 6 Watts, 281.

The act of 1804 undoubtedly applies to the facts of this particular case: Rogers v. Johnson, 67 Pa. 43.

OPINION BY BEAVER, J., April 25, 1898:

The plaintiffs, claiming under a purchaser at treasurer's tax sale, brought their ejectment against the defendant who claimed under the owner at the.time the sale was made. The sale occurred June 9, 1884, and the action of ejectment was instituted April 14, 1896, nearly twelve years after the sale. "Is the holder of the tax title, when plaintiff, entitled after five years to recover, without showing requisites? In view of the act (1804) and the decisions under it, we think not. The words of the statute illustrate this. They are: ' No action for the recovery of said land (land sold for taxes) shall lie, unless the same be brought within five years after the sale thereof for taxes as aforesaid.' No suit against the owner of the tax title by the original owner, whether the latter be in or out of possession, will lie after five years, but the owner of the tax title may bring suit against the original owner at any time, but then he must show requisites; that is, that there was an assessment of the taxes by some competent authority, that they were due over a year and remained unpaid, when the sale took place. It may not be inaptly said that the statute operates to paralyze the activity of the original title as an assailant of the tax title after five years; but, when the tax title becomes the assailant, such is not the case; it must then come backed by the authority of the law in the requisites necessary to be shown:" McReynolds v. Longenberger, 57 Pa. 13.

One of the requisites or indispensable elements of a good title under a treasurer's sale, where the land sold for a sum greater than taxes and costs, is a surplus bond: Cuttle v. Brockway, 24 Pa. 145.

The deed from the treasurer to the purchaser in the present case was lost. Its existence was proved by the record of its acknowledgment in the prothonotary's office. If anything appeared in the recitals in the said deed as to the giving of a surplus bond, it could not be shown. The compliance, on the part of the county treasurer, with all the necessary legal requirements to vest a good title in the purchaser at treasurer's sale might well be presumed, for, as was said in Cuttle v. Brockway, supra, "There is nothing to which the maxim omnia præsumuntur rite esse acta applies with so much force as to a tax title." If there were nothing in the case which tended to

rebut this presumption of regularity, and the giving of a surplus bond, the maxim above quoted might well be held to supply the lack of proof occasioned by the loss of the deed and to strengthen the entry in the treasurer's sales book in regard to the surplus bond, but the purchaser at the treasurer's sale, when asked, on cross-examination, in regard to his having given a surplus bond, said, "I have no recollection—no distinct recollection—of that at all. All I remember is that I paid the amount—eight dollars and some cents. I paid the whole sum." On his redirect examination he testified as follows:

"Q. Did the amount of the sale exceed the taxes claimed and costs? A. Yes, sir. Q. A little in excess? A. Yes, sir. Q. What did you do with the surplus? A. I paid it to the treasurer. Q. You are sure that you didn't give a bond? A. I have no recollection of giving any. Q. Nor signing any paper? A. I don't recollect of that. Q. You don't mean to say that you did not? A. I don't say that I did not nor that I did. Q. You can't say, Mr. Rupert, that you did not? A. No, sir." The definite thing which the witness seemed to remember with distinctness was that he paid the entire purchase money, including the amount which was in excess of the taxes and costs. This would tend to rebut the presumption of the giving of a surplus bond. It follows that the defendant should have been allowed to show the fact "that the plaintiffs have not filed a surplus bond, as required by the act of assembly," if that was part of the offer, rejection of which is complained of in their first assignment of error, and scarcely justified the court in saying in its charge to the jury, as complained of in the fifth assignment of error, that "All other conditions of the purchase were in fact carried out, so far as this case is concerned." The question of the giving of a surplus bond was, under all the evidence, in so much doubt that it should have been submitted to the jury, with instructions that, if they found that no surplus bond had been given, the sale was invalid and the verdict should be for the defendant.

The owner of the land at the time of the treasurer's sale was Lavinia Myers, a daughter of John Brough, in whose name the land had been assessed prior to 1884. According to the treasurer's testimony, Cornelius Myers, her husband, came to the treasurer's office May 22, 1884, told him that his wife was

interested in a tract of land and wanted the taxes paid and, in answer to the question of defendant's counsel upon cross-examination, " Q. He said his wife was interested in the Brough land and wanted to pay all the back taxes on the Brough land? " he said, " Yes, sir ; all we had against him, and the only record we had was on that sale list. If there was any back of that, it never had been returned, and we could not sell for what we didn't have." As a matter of fact, however, the assessor of the township in which this land was situated had returned the land in the name of Cornelius Myers (John Brough lot), apparently without any direction of Myers and upon his own motion, after inquiry in the neighborhood, based upon information received from persons living in the vicinity. There apparently is no doubt of a bona fide intention on the part of Myers to pay all the taxes assessed upon the property of his wife up to the time of payment on the 22d of May, 1884. Having no knowledge of the assessment in his own name, he asked to pay the taxes on the John Brough land. Either because of a faulty assessment on the part of the assessor or of the failure of the treasurer to make the proper examination for all the taxes assessed upon the John Brough land, Myers did not pay, because not asked to do so, the taxes for 1883, for the nonpayment of which the land was sold. Was this the fault of the treasurer or of the agent of the owner?

In Baird v. Cahoon, 5 W. & S. 540, under somewhat similar circumstances, Mr. Justice SERGEANT said : " We are of opinion that the court below erred in charging the jury that it was immaterial whether the nonpayment of the taxes was owing to the neglect of the agent or of the treasurer, or both, as we think the determination of the case must depend upon that question. The officer has duties to perform as well as the owner, when the latter comes to him to pay up the taxes on his unseated lands. Various acts or omissions of the officer may occur constituting such neglect on his part that the owner ought not to suffer by it, which cannot be defined beforehand but must depend upon the particular circumstances of each case. By whose neglect it was here that the tax in Washington township was not paid, when the agent called to pay Mr. Baird's taxes—whether of the agent or the treasurer—was a question for the jury to decide, as well as they could from the evidence."

In the case under consideration we are of opinion that the question as to whether the nonpayment of the tax on the Brough lot, assessed in the name of Cornelius Myers, for the year 1883, was due to the neglect of the agent of the owner or of the treasurer, or of the assessor in making the assessment, was one for the jury, and should have been submitted to them for their finding: Breisch v. Coxe, 81 Pa. 336; Pottsville Lumber Co. v. Wells, 157 Pa. 5. It follows that the testimony contained in the offer, the rejection of which constitutes the second assignment of error, should have been received, as bearing upon the question as to whose failure or neglect the nonpayment of the taxes of 1883 was due.

The court submitted to the jury the question of the identity of the land sold with that for which the ejectment was brought and charged in effect that, if they found the land sold by the treasurer to be identical with that in the possession of the defendant, the verdict should be for the plaintiff. The other questions of fact hereinbefore referred to should also have been submitted to them for their finding. Having failed to so submit them, we think the court erred, and the first, second and fifth assignments of error are sustained.

Judgment reversed and a new venire awarded.