## Plains Township's Appeal.

*Appeals—Certiorari—Review—Municipalities—Act of March* 31, 1864, *P. L.* 162.

On an appeal in the nature of a certiorari from an order of the court of quarter sessions made under the Act of March 31, 1864, P. L. 162, relating to the collection of district and township debts, nothing is brought up for review by the Superior Court except the regularity of the proceedings in the court below. If no irregularity is disclosed in the proceedings the appeal should be dismissed without considering any other question.

*Municipalities—Indebtedness—Special tax levy—Judgment.*

Judgments in the common pleas or on the docket of a justice of the peace against a township are, in the absence of jurisdictional defects conclusive, and cannot be attacked in a collateral proceeding in the court of quarter sessions to compel the levy of a special tax to pay the judgments.

Argued April 13, 1903. Appeal, No. 242, Jan. T., 1902, by Plains Township, from order of Superior Ct., Jan. T., 1903, No. 19, affirming decree of Q. S. Luzerne Co., April T., 1894, No. 341, ordering the levy of a special tax in the matter of the appeal of Plains Township. Before MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Appeal from Superior Court. See 21 Pa. Superior Ct. 68.

*Error assigned* was the judgment of the Superior Court.

*Charles E. Terry* and *Alexander Farnham,* with them *John M. Garman,* for appellant.

*John McGahen,* with him *E. A. Lynch, William S. McLean, George R. McLean* and *E. K. Little,* for appellees.

OPINION BY MR. JUSTICE BROWN, July 9, 1903:

The facts in this case sufficiently appear in the opinion of

the Superior Court affirming the order of the court below: Plains Township's Appeal, 21 Pa. Superior Ct. 68; and they need not, therefore, be repeated here. The order of the court of quarter sessions was made under the provisions of the Act of March 31, 1864, P. L. 162, from which no appeal lies: Lehigh Coal & Navigation Co.'s Appeal, 112 Pa. 360; and, on the certiorari, there was nothing brought up for review by the Superior Court, except the regularity of the proceedings in the court below. As no irregularity was disclosed in them, the appeal should have been dismissed without considering any other question.

If, in the proceeding before it, the court of quarter sessions had decided that the judgments against the township of Plains in the common pleas and on the dockets of the various justices of the peace were not conclusive of its indebtedness to the respective plaintiffs, there would have been the grossest irregularity on the face of the record. In the sessions these judgments from the common pleas and the courts not of record were, of course, conclusive. Even if the legislature could authorize the court of quarter sessions to declare a judgment of the common pleas invalid, and to decide that the indebtedness represented by it cannot be collected, no such jurisdiction has been conferred by the act of 1864. If the judgments of which the township is now complaining are invalid because they represent indebtedness contracted in violation of article 9, section 8, of the constitution, and the appellant has the right to resist their payment for that reason—which question we do not decide, because it is not now properly before us—the remedy is exclusively by proper proceedings instituted on the equity side of the common pleas.

The order of the Superior Court, affirming the order of the court below, is affirmed, and this appeal is dismissed at appellant's costs.