## Haines v. Hall, Appellant.

*Courts—Jurisdiction—Decree—Collateral attack.*

Generally where a court has jurisdiction its decree is conclusive and cannot be successfully attacked in any collateral proceeding.

*Trusts and trustees—Appointment of trustee—Collateral attack.*

Where a deed of trust gives to the cestuis que trustent the rents and income of property during their lives, and also the power in conjunction with the trustee to unite in a conveyance to end and determine the trust, and the cestuis que trustent after the death of the trustee petition the court under the act of April 14, 1828, P. L. 453, for the appointment of a new trustee and such appointment is made, and thereafter the substituted trustee unites in a deed with the cestuis que trustent to end the trust, children of the cestuis que trustent who had remainders under the deed of trust, cannot in an action of ejectment for land covered by the trust deed, attack the decree appointing the substituted trustee on the ground that they had no notice of the proceedings.

Argued Feb. 9, 1904. Appeal, No. 227, Jan. T., 1903, by defendants, from judgment of C. P. Delaware Co., March T., 1902, No. 283, on verdict for plaintiff in case of Francis C. Haines v. Charlotte Hall and William James Hall. Before MITCHELL, C. J., DEAN, FELL, MESTREZAT and THOMPSON, JJ. Affirmed.

Ejectment for land in Lansdowne borough. Before JOHNSON, P. J.

In addition to the facts stated in the opinion of the Supreme

Court, it appeared that the deed from Samuel B. Bartram to William Hall, trustee, dated December 9, 1884, contained the following clause :

"In trust nevertheless to permit the said John Henry Hall, son of the said William Hall, and Sarah, his wife, and the survivor of them to occupy, use and enjoy the said premises and to collect and receive the rents and profits thereof during their joint lives and the life of the survivor of them, so however that the same shall be free, clear and discharged from and without liability for the present or future debts, contracts and engagements of them the said John Henry Hall and Sarah, his wife, or of either of them and upon the decease of the survivor of them the said John Henry Hall and Sarah, his wife, then in trust for all and every their children then living, and the issue of any child or children who may then be deceased, their heirs and assigns in equal shares, the issue of any deceased child taking however only such part or share thereof as his or her deceased parent would have taken if then living. Provided, however, that it shall and may be lawful for the said trustee and his successor in the trust at any time during the continuance of the trust by and with the consent of the said John Henry Hall and Sarah, his wife, and of the survivor of them testified by their joining in the deed, therefor, to sell and convey the said premises free and clear of all trusts the proceeds thereof to be invested in other real or personal estate to be held upon the same trusts and subject to the same powers, provisions and limitations and in like manner to revoke, annul, change or alter the trusts herein declared concerning the premises, or to declare new and other trusts respecting the same."

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–9) various rulings on evidence; (10) in giving binding instructions for plaintiff.

*Albert J. Williams*, with him *O. B. Dickinson*, for appellants.

*E. H. Hall*, for appellee.

OPINION BY MR. JUSTICE THOMPSON, May 2, 1904 :

William Hall in 1884 became a trustee under a deed in which

his son John and his wife were the cestuis que trustent. In consequence of his death the court of common pleas of Delaware county, upon petition of the son and wife appointed A. Lewis Smith, Esq., as substituted trustee. After his appointment Mr. Smith, as trustee, conveyed the property in litigation to the son, John Hall, and Sarah, his wife, clear of the trust, and subsequently they conveyed to Mr. Smith, this property subject to the trust with a power of revocation, and afterwards they, with the trustee, conveyed it to John and his wife, revoking the trust, to enable them to borrow the sum of $5,000 secured by a mortgage upon the property. The mortgage was foreclosed and the appellee became the purchaser of the property at a sheriff's sale and brought this action of ejectment for it against the appellants, the children of John and his wife, who were in possession and claimed title under the deed to their grandfather, William Hall. Upon the trial the appellee, the plaintiff below, after offering the deed, offered in evidence the petition and decree of the court of common pleas appointing Mr. Smith as trustee. As the petition contained all the necessary requirements to give jurisdiction, the assignment of error that it was not competent cannot be sustained. The record thus admitted established the appointment of the trustee to fill the vacancy occasioned by the death of Mr. Hall.

This appointment was made under the Act of April 14, 1828, P. L. 453. That act is entitled " An act, to prevent the failure of trusts, to provide for the settlement of accounts of trustees and for other purposes." After providing for the appointment in case of death, it provides as follows : " It shall and may be lawful for the cestui que trust or other person or persons interested in the execution thereof to apply by petition, setting forth the facts of the case under oath or affirmation to either of the said courts within the proper district, which courts are hereby authorized to hear and determine the matters therein contained." Thus when a vacancy in a trust by reason of death occurs, the cestui que trust is authorized to file his petition for an appointment to fill such vacancy and the court of common pleas of the proper county is empowered, after hearing, to make the appointment. The jurisdiction springs from the statute and is expressly given in plain terms, upon petition by

the cestui que trust or other persons in interest.  The jurisdictional party, in the first instance is the cestui que trust and with such party in court and with the subject-matter within its power of determination, the jurisdiction necessarily attaches. It is well settled that generally where a court has jurisdiction its decree is conclusive and cannot be successfully attacked in any collateral proceeding.  In the case of Sweeney v. Girolo, 154 Pa. 609, it was said : " The judgment of every court, pronounced on a subject within its jurisdiction, is conclusive and binding on all other courts, except those only before which it comes by appeal, certiorari or writ of error."   Again it is said: " In Billings v. Russell, 23 Pa. 189, it was held that where a judgment is given by a court having jurisdiction of the subject-matter, its regularity cannot be questioned in a collateral proceeding."

In Dresher v. Allentown Water Company, 52 Pa. 225, it is said : " It is the right of the parties to the partition that is the subject of adjudication.  Orphans' court decrees are doubtless conclusive.  They cannot be impeached collaterally.  But like all other judgments they are conclusive only of the thing adjudicated."

In Sheets v. Hawk, 14 S. & R. 173, it is said: " Now, as it appears on the record that the court had jurisdiction to discharge, and as they have exercised that legitimate power it cannot consist with the general analogy of the law, that in a collateral action there can be any inquiry on the facts which they have decided."

In the present case the petition was filed by the son John and his wife, the cestui que trustent named.  The deed gave them the rents and income of the property during their lives and also the power in conjunction with the trustee to unite in a conveyance to end and determine the trust.  Thus they were entitled to receive the income with the express authority to end the trust if they so desired to do and this they have done. The deed vested in them a complete control over the income and the entire estate, and by its terms passed only a contingent interest to appellants.  The petition thus filed by the petitioners, who were the only parties then concerned, gave the court of common pleas jurisdiction to hear and determine the matter of appointment and the power after hearing to make the same.

It has accordingly done so and by virtue of his appointment the trustee entered upon the performance of his duties and in pursuance of the power conferred by the deed, the trust has been ended.   A mortgage was made to secure the sum of $5,000 that sum being borrowed by John and his wife and the property having been sold in foreclosure proceedings has been purchased by the appellee.   The original trustee having died, the appointment of the successor became a necessity for the purpose of the trust.   The decree making such appointment coupled with security on the part of the trustee for the faithful performance of the duties of the trust, did not operate to impair rights or divest interests.   The court had then the proper parties before it on the application for such appointment and after hearing, appointed Mr. Smith as such successor.   It cannot be successfully said that after such appointment thus duly made, and after the trustee under it has performed the duties of the trust and the property has been sold and conveyed in the execution of the power contained in the deed, that the appellants who had no interest then, and the trust being ended, have none now, can in a collateral proceeding successfully assert that such appointment was void.   The father is still living and having with his wife, under the power conferred in the deed, ended the trust created by it, and thus substantially executed the power, the appellants, one being twenty-four years of age and the other twenty-one years, cannot now, by collaterally attacking the appointment of the trustee, be permitted to defeat the conveyance made by them.

In view of this conclusion the assignments of error are not sustained and the judgment is affirmed.