## Petition to Open Forrest Street in the Borough of Conshohocken.

*Boroughs—Street—Plotting—Commissioners—Report to Court of Quarter Sessions—Acts of May 15, 1850, P. L. 1051—Act of March 22, 1870, P. L. 522, Section I.*

The special act of May 15, 1850, P. L. 1051, incorporating the Borough of Conshohocken provided for the appointment of Commissioners with full power and authority to lay out any and all streets in said borough and to vacate, alter or extend streets and alleys already laid out; who were to make report of their proceedings within one year to the Court of Quarter Sessions of Montgomery County. Such report was made and filed, to which exceptions were filed, and on April 20, 1852, the court referred the report back to the Commissioners for reconsideration and amendment or correction, and subsequently approved and confirmed the report as amended by the supplemental report. Held that whether such proceedings were authorized or not they were cured or ratified by the Act of March 22, 1870, P. L. 522, Section I, construing the Act of 1850, supra; and the court's action with reference to said report will not be disturbed after a lapse of seventy-four years.

Argued December 9, 1926. Appeal No. 278, October T., 1926, by Burgess and Town Council of the Borough of Conshohocken, from decree of Quarter Sessions, Montgomery County, November T., 1925, No. 2, In Re: Petition to Open Forrest Street from Hector Street to First Avenue, in the Borough of Consho-

hocken.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ.   Affirmed.

Petition to open Forrest Street, in the Borough of Conshohocken.   Before KNIGHT, J.

The facts are stated in the opinion of the Superior Court.   The petition was granted by MILLER, P. J., on October 28, 1925.   On April 26, 1926, a petition to vacate the decree of October 28, 1925, was filed by the Commissioners of Montgomery County.   On July 27, 1926, KNIGHT, J., set aside the decree of October 28, 1925.   The Burgess and the town council appealed.

*Errors assigned*, among others, were to the findings of fact and conclusions of law, and the order of the court.

*Robert T. Potts,* for appellant.

*Henry M. Brownback,* and with him *Russel J. Brownback,* for appellee.

OPINION BY KELLER, J., March 3, 1927:

The Borough of Conshohocken, Montgomery County, was incorporated by special act of assembly approved May 15, 1850, P. L. 1051.

Section 17 of the Act provided for the appointment of six designated persons as commissioners with "full power and authority to lay out any and all streets in said borough, which they shall think proper for the improvement thereof, or necessary for the convenience of its citizens or the public, and [they] shall have also full power and authority to vacate, alter and extend such streets, lanes and alleys as are already laid out, taking care in the performance of said trust to do no unnecessary damage to private property; and the said commissioners shall have power and authority to name the streets so laid out by them, and also all others

widened, altered or extended by them, and shall make
report of their proceedings within one year from the
passage of this act, which report shall be accompanied
by a plan or plot of all the streets, lanes and alleys,
as well of those previously laid out, as of those laid
out by them in pursuance of this act, designating there-
in the alterations and extensions by them made, and
the width and names of the respective streets, lanes
and alleys, with such other matters as may be neces-
sary, in order to form a complete plot of the said bor-
ough, to the Court of Quarter Sessions of said County
of Montgomery, and the said report shall be recorded
in the recorder's office in said county, and a certified
copy thereof shall be evidence in all matters in which
such record is pertinent; and the streets, lanes and
alleys so laid out, shall from thenceforth be opened for
public use, in the same manner as if they had been
laid out by an order of the court in the usual way.''

Section 18 provided for the payment of the damages
sustained by any person by such laying out, etc., ac-
cording to the 14th section of the Act of April 6, 1802;
and section 19 for the filling of a vacancy among said
commissioners by appointment by the court of quarter
sessions on petition of the burgess and town council.

This method of plotting or laying out of the streets
of a newly incorporated borough by commissioners
seems to have been a common procedure in Mont-
gomery County, for we find the same method adopted
in the incorporation or improvement of Norristown
(Act of February 24, 1834, P. L. 86, Secs. 1, 2 and 3;
Act of April 7, 1845, P. L. 328, Sec. 4); and Pottstown,
(Act of April 5, 1848, P. L. 339, Secs. 1, 2 and 3); with
virtually the same provisions except that they contain
one clause, apparently overlooked in the Conshohocken
Act, to wit, ''which report *the said court, in their dis-
cretion, may order to be amended or corrected, and
when finally approved and confirmed,* shall be record-

ed,'' etc. While this clause did not specifically provide
for the filing of exceptions to the report by persons in-
terested it was recognized in Yost's Report, 17 Pa.
524, that exceptions might be filed by them and that
the final confirmation and approval of the court await-
ed the disposition of such exceptions.

The Court of Quarter Sessions of Montgomery
County apparently considered that the same procedure
applied to the Conshohocken Act of 1850, for it per-
mitted the filing of exceptions to the report of the Com-
missioners filed in court pursuant to said act, and on
April 20, 1852, referred the report back to the Com-
missioners, apparently for reconsideration and amend-
ment or correction, and subsequently approved and
confirmed the report as amended by the supplemental
report filed by them, containing certain modifications
and changes from the original draft.

The appellant contends that the report as originally
filed by the Commissioners was conclusive; that as no
action of the court was provided for under the act,
their report was not subject to exceptions or confirm-
ation by any one, and not subject to revision.

There would seem to have been no necessity for the
provision that the Commissioners should make report
of their action to the court of quarter sessions, if that
court had nothing to do with its confirmation or ap-
proval; the simple direction that the report be filed and
recorded in the recorder's office would have been suf-
ficient if the report were not to be considered and ap-
proved by the court.    But the Legislature in 1870
passed an act (March 22, 1870, P. L. 522, Sec. 1) con-
struing the Act of May 15, 1850, supra, and declared
that the intent and meaning of so much of said act
as declared that the streets, lanes and alleys laid out
by the Commissioners named in said act should thence-
forth be opened for public use in the same manner
as if they had been laid out by an order of court, to be,

"that from the time of the filing of the said report and plan or draft of the streets, lanes and alleys in said Borough of Conshohocken, by the Commissioners aforesaid, *and the acceptance and confirmation of the same by the Court of Quarter Sessions of the County of Montgomery,* thenceforth all the streets, roads, lanes and alleys, *so approved by said court,* shall be forever deemed, adjudged and taken to be public highways." We are of opinion that this act of assembly, whether it be considered merely as declaratory of the meaning of the Act of 1850, supra, or as ratifying and validating the action of the Court of Quarter Sessions with reference thereto, is efficacious and, in connection with Yost's Report, supra, justifies the action of the court in permitting exceptions to be filed to the report and recommitting it to the Commissioners, and establishes the modified report of the Commissioners filed August 21, 1852, and confirmed and approved by the court, as the basis or authority for the subsequent opening and laying out of streets within the borough.

It is unfortunate that the original papers, including the report and the proceedings subsequent to its filing, have been lost, and that we have only the entries on the docket to furnish us with the information necessary or desirable for a complete understanding of the court's action in the premises in 1851-2. It may be that the originals would have explained the unusual delay in entering the decree of confirmation nisi (6 months), and in the filing of exceptions (nearly 7 months) ; or would have supplied omissions from the docket which would account for the apparent delay. As they are lost, after a lapse of seventy-four years we think the maxim, omnia praesumuntur rite esse acta, is applicable: Com. ex rel. v. Dickey, 262 Pa. 121, 124. But in any event, the Legislature of 1870 was in possession of the facts, at least as fully as we know them, and with such knowledge passed the statute above referred

to (P. L. 522) which recognized the action of the Court of Quarter Sessions in the premises as valid; and after its acceptance and recognition all these years, we will not disturb it. In fact, the present proceedings were brought under the Act of 1870, supra; for the very same section which declares the intent and meaning of the Act of 1850, supra, also provides for the future actual opening of such of the streets, etc., so plotted in said report, as were not then opened or at once required for public travel, by petition to the Court of Quarter Sessions which after hearing the petitioner, the persons through whose lands such street will pass and any other person or persons interested, or the burgess and town council, as shall offer objections thereto, shall determine whether it be proper at the time to direct the opening of the same.

The application in this instance was to open Forrest Street from Hector Street to First Avenue. As originally filed by the Commissioners, their report laid out Forrest Street to Front or First Avenue, but in their supplemental report, filed after the original report was referred back to them, and approved and confirmed by the court, they modified and changed the former report and draft by "vacating" Forrest Street between the northeast side of Hector Street and the middle of Front Avenue and "deducting this much from it"; then continuing, "This is the part of Forrest Street which cuts the property, the dwelling house of James Wood, deceased, which was complained of." As thus accepted and confirmed by the Court of Quarter Sessions, the street now proposed to be opened did not appear on the modified report and plan as a borough street and hence the court below correctly rescinded its order of October 28, 1925, and refused to direct its opening. While in their supplemental report the commissioners used the word "vacate" in connection with their action as respects this street, it is clear that it

was not employed in its technical sense, but was only intended as an equivalent of the prior terms used by them, to wit, "we have concluded to change and modify the former report and draft as follows, viz:".

Our conclusion is strengthened by the following extract from the opinion of the learned court below: "We are of the opinion that the Court of Quarter Sessions had jurisdiction in the proceedings instituted in this Court in 1852 in entertaining the exceptions, referring the report back to the Commissioners and confirming the original and supplemental reports and that these proceedings are valid for the following reasons:

"First: The report filed January 25, 1851, was only confirmed nisi and could properly have been referred back for correction at any time before final confirmation.   Hilltown Road, 18 Pa. 233.

"Second: There is a presumption of regularity and validity of these proceedings (here nearly seventy-four years old) unless the fact of jurisdiction is contradicted by the record.   29 Corpus Juris, 513.   In Re Road in South Abington Township, 109 Pa. 118.

"Third: When the amended report was filed and confirmed, it became a final decree that could not be attacked collaterally, but only by a proceeding directed at the decree itself.   15 R. C. L., page 835.   Randal v. Gould, 225 Pa. 42.   Haines v. Hall, 209 Pa. 104.

"Fourth: The supplemental report sets forth that the Commissioners met in Conshohocken 'upon notice received from the town council of said borough.' This would indicate that the change was made at the instance of the borough itself.   This, it seems, would stop the borough at this time from questioning the validity of proceedings instituted at its instance."

The assignments of error are overruled and the order is affirmed at the costs of the appellant.