Hillsborough, } No. 3467.
April 4, 1944. }

MAURICE G. JEWETT, *Adm'r v.* LIZZIE E. HOLT.

HELENE E. KENDALL *v.* SAME.

MAURICE G. JEWETT, *Adm'r v.* G. ARTHUR FANEUF.

HELENE E. KENDALL *v.* SAME.

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Wyman* orally), for plaintiffs.

*Sheehan & Phinney, Arthur A. Greene, Jr.* and *Alvin A. Lucier (Mr. Greene* orally), for defendant Holt.

*Devine & Tobin (Mr. Devine* orally), for defendant Faneuf.

Burque, J.   The accident happened on a Sunday, October 19, 1941, between 4:30 and 5:00 p.m. Eastern War Time, on the highway leading from Manchester to Concord on the west side of the Merrimack River.   Defendant Holt was driving in a northerly direction on the east (her right hand) side of the road, and was followed by a car driven by one Fleury.   After rounding a curve Fleury undertook to pass the Holt car.   As he came alongside he saw a car coming from the opposite direction.   He pulled back and in so doing struck the left rear end of the Holt car.   This caused the latter to travel a findable distance of 175 feet and swerve sharply to the left, coming to a stop partly over the bank on the west side of the road.   Defendant Faneuf who was traveling south saw the Holt car waver and go across the road.   Though he sensed something wrong he did not at first slacken his speed, and it could be found that he did not put his brakes on until he was a distance of some 63 feet plus the length of his car from the point of collision.   The speed of the Holt car is claimed by her to have been between 25 to 30 miles per hour, while the speed of the Faneuf car is claimed by him to have been about 40 miles per hour.   It could be found however that the speed of both cars was in excess of the claims advanced by the relative parties.

Considerable controversy arises over a mark 175 feet in length beginning on the east side of the yellow line in the center of the road. Plaintiffs claim it was made by the Holt car, while defendants claim it was made by the Fleury car.   The latter's brakes were tested after the accident, and it appeared that the brake pedal would go down to the floor and would not lock the wheels.   Moreover, this mark continued along the east side of the yellow line about 3 feet easterly thereof for a considerable distance and then crossed the yellow line to the west side thereof heading in the direction of the Holt car about 3 feet west of the center line, and the same distance from the front of the Faneuf car.   There is no evidence that the Fleury car got over on the westerly side of the yellow line at any time.   These facts are sufficient to support a finding that the Holt car made the mark.

It can also be said that the mark indicates defective brakes, a loss of control, no diminution of speed and no attempt to stop and avoid landing in the bank on the west side of the road, factors sufficient to warrant a finding of causal negligence on the part of Mrs. Holt.

As to Faneuf, he came out of a curve 1,200 feet north of the curve the Holt and Fleury cars came out of.   The road between these curves is straightaway.   He saw and sensed something was wrong with the Holt car after Fleury came out to see beyond the Holt car

and then pulled back. He judged the cars were too close. He immediately saw the Holt car waver, but did nothing to reduce his speed until he saw the Holt car dart across the road. He claims he was then so close to the latter that he was unable to stop. He further claims he was only 75 to 100 feet away when he saw the Holt car waver. It can be found he must have been a very considerable distance farther away, when we take into consideration the fact that he was traveling at a findable speed of 50 to 55 miles per hour, a speed which could be found to be a causal violation at a point where reasonable speed is posted at 45 miles per hour, as it was here (Laws 1937, c. 125, ss. 1 and 2; R. L., c. 119, ss. 29 and 30), and the Holt car was traveling at a speed of at least 25 to 30 miles per hour, both moving toward one another. The collision between the Holt car which was stopped at the moment of impact, and the Faneuf car which was then still moving at what must have been a considerable momentum, was a severe one. The jury therefore could well find that Faneuf, after he sensed the Holt and Fleury cars were too close, and saw the Holt car waver, should have attempted to stop his car before he did, and that his failure to do so was causal negligence. All the issues raised on the evidence clearly resolved themselves into questions of fact for the jury, from which causal negligence could be found on the part of both defendants. *Woodbridge* v. *Desrochers, ante,* 87. All motions were properly denied.

*Judgments on the verdicts.*

JOHNSTON, J., dissented as to the liability of Faneuf: the others concurred.