## Bowman v. Garay

Before Carr, P. J., Morrow and Cottom, JJ.

*Jos. W. Ray, Jr.,* for plaintiff.

*E. D. Brown,* for defendant.

MORROW, J., July 17, 1951.—A recital of facts appearing from the pleadings and testimony herein may be helpful in the clarification and decision of the real questions involved.

Anna Goray, defendant, received public assistance between November 13, 1937, and September 15, 1942, in the total sum of $1,432.51. Costs in the matter amounted to $11.75, making a total debt of $1,444.26. She signed a reimbursement agreement for the purpose of giving the Department of Public Assistance a lien on any property owned by her at the time of her application for assistance or in which she acquired a property interest while she received assistance. The agreement specifically provided that this agreement should not give the Department of Public Assistance of the Commonwealth of Pennsylvania a lien on property acquired by her subsequent to the last date on which she received public assistance, which would be subsequent to September 15, 1942. In order to carry out the purpose of this agreement she authorized the confession of a judgment against her in the sum of $2,000. Such judgment was entered August 12, 1940, at June

term, 1940, no. 854, of the Court of Common Pleas of Fayette County. The date of entry was long subsequent to the accrual of the taxes forming the basis of the treasurer's sale for taxes hereinafter mentioned and was about two months subsequent to the date of that sale.

The land involved is one acre of land situate in the Borough of Masontown, formerly German Township, Fayette County, Pa. Anna Goray acquired an undivided one-half interest in this acre of land in the year 1932, which title she retained until June 13, 1940, when the acre of land was sold by the Treasurer of Fayette County to the commissioners of that county as seated land for unpaid taxes. The deed showing this sale is recorded in Deed Book, vol. 608, page 92. None of the owners redeemed this land.

"The Act of July 28, 1941, P. L. 535, section 1 (which provides that where property is sold to a political subdivision at a tax sale, an owner may still redeem after the statutory period of redemption has expired, provided the title to the premises is still in such political subdivision), has no application to an owner who has never redeemed, or offered to redeem, prior to sale by the political subdivision": Moeller v. Washington County et al., 352 Pa. 640 (syllabus).

It is to be kept in mind that defendant never held more than a one-half interest in this acre of land and never attempted to redeem it under the above-mentioned Act of July 28, 1941, P. L. 535, nor under any other act authorizing redemption. She purchased the acre of land at a public sale on June 10, 1944, as shown by the deed to her by the Commissioners of Fayette County, dated July 19, 1944, and recorded in Deed Book, vol. 617, page 71. The deed recites in part:

"*Whereas*, the owner of said seated lands failed to redeem the same within the time prescribed by law, and said County Commissioners sold the same at public

sale on June 10, 1944, to the above grantee for $200.00 after having given notice of such sale by advertisement as required by law, she being the best bidder and that amount being the highest and best sum bid therefor."

The commissioners, in making the public sales such as this, were acting under the Act of May 29, 1931, P. L. 280, as amended by the Act of June 20, 1939, P. L. 498, and the Act of May 21, 1943, P. L. 364. Under section 5 of the Act of 1939, P. L. 498 (504), it would seem that the above-mentioned judgment for $2,000 against the one-half interest that had belonged to defendant Anna Goray in the one acre of land could no longer be considered a lien against the same in any view of the matter. That act provides in part: *"Every such sale shall discharge the lien of . . . every obligation, claim, lien or estate with which said property may have or shall become charged, or for which it may become liable, . . . except no such sale shall discharge* the lien of any ground rent, municipal claim or tax remaining unpaid *or mortgage which shall have been recorded before such taxes became liens, by return and docketing, as herein provided, and which is or shall be prior to all other liens, except other mortgages,* ground rents, municipal claims, and/or other taxes."

Defendant's present title to this one acre of land was acquired in 1944 and is subsequent to September 15, 1942, the last date on which she received public assistance. Hence by the terms of the agreement above mentioned with the Department of Public Assistance the judgment by revival proceedings could not be made a lien against this after acquired title to real estate. The rights of plaintiff, Margaret Bowman, who purchased the judgment from the Department of Public Assistance for the sum of $450 could not rise higher than those of her assignor. She issued execution on the judgment and seeks to have the sheriff sell the acre of

land. Defendant, Anna Goray, thereupon secured a rule to show cause why this judgment should not be opened and she be let into a defense, all proceedings in connection with the execution to stay. For the reasons appearing in the foregoing it is our opinion the rule should be made absolute.

### Order

And now, July 17, 1951, after consideration, the rule to show cause why the judgment of Margaret Bowman v. Anna Garay, also known as Anna Goray, at June term, 1940, no. 854, should not be opened and defendant let into a defense, be and it is hereby made absolute. Plaintiff's answer to the rule shall be treated as plaintiff's statement and defendant's petition to open the judgment shall be considered defendant's affidavit of defense. All proceedings on the execution issued on the judgment shall stay until final decision herein.