## Glass et al. *v.* Seger et al.

*Ejectment—Tax title—Evidence—Assessment — Presumption — Maxims—Omnia præsumuntur rite esse acta.*

1. In an action of ejectment for timber land, where it appears that the land was sold in 1823 for taxes, that a deed from the county commissioners was made in 1852 to plaintiffs' predecessor in title, that at the trial, the plaintiffs offered no evidence that an assessment had been regularly made, that defendants did not show that the lands had not been assessed, and it appeared that no books or records could be found showing an assessment, the plaintiffs are entitled to a verdict and judgment in their favor, inasmuch as the presumption of law is that the sale was in pursuance of a regular assessment.

2. There is nothing in which the maxim "omnia præsumuntur rite esse acta" applies with so much force as to a tax title.

Argued Sept. 30, 1919. Appeal, No. 76, Oct. T., 1919, by George Brown, defendant, from judgment of C. P. Westmoreland Co., Feb. T., 1914, No. 425, on verdict for plaintiffs in case of Julia B. Glass et al. v. John Seger, George Brown et al. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Ejectment for 400 acres of timber land in Ligonier Township. Before MCCONNELL, P. J.

Verdict and judgment for plaintiffs. Defendant Brown appealed.

*Errors assigned* were various instructions, quoting them.

*Lewis C. Walkinshaw,* with him *Hugh W. Walkinshaw,* for appellant.

*Edw. P. Doran,* with him *W. F. Wegley* and *V. E. Williams,* for appellees.

PER CURIAM, October 22, 1919: '

The appellees, plaintiffs below in this action in ejectment, claim title under a deed from the treasurer of Westmoreland County to the commissioners of the county, who in turn sold the land in dispute to appellees' predecessor in title. The sale by the county treasurer, made in 1823, was for the nonpayment of taxes, and the deed from the county commissioners to their vendee, dated June 14, 1852, under which the appellees claim, recites the sale by the county treasurer to their predecessors in office. The instruction of the learned trial judge to the jury was that under these deeds the plaintiffs were entitled to recover. On this appeal from the judgment entered on the verdict directed against the defendant, the complaint of the appellant is that this instruction was error because it did not appear from the county treasurer's deed, and the plaintiffs did not show, that the unpaid taxes, for which the land was sold, had been regularly assessed. The defendants did not show that they had not been so assessed. Nothing more was shown than that no books or records could be found showing an assessment. The presumption of the law is that the sale of the land was in pursuance of a regular assessment, and this presumption was not rebutted. "There is nothing to which the maxim omnia præsumuntur rite esse acta applies with so much force as to a tax title": Cuttle v. Brockway, 24 Pa. 145. This disposes of the only question raised in the statement of questions involved, and the judgment on the verdict, which was properly directed, is affirmed.

Judgment affirmed.