## Boocks's Petition.

Argued March 16, 1931.   Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*J. E. Mullin,* with him *F. J. Woods, J. V. Frampton* and *J. H. Courtney,* for appellants.—The Act of July 18, 1917, P. L. 1072, violates article III, section 3, of the state Constitution, in that certain substantial provisions thereof are not clearly expressed in the title: Provident L. & T. Co. v. Hammond, 230 Pa. 407; Phœnixville Boro. Road, 109 Pa. 44; Lycoming Fair Assn. v. Lycoming Co., 65 Pa. Superior Ct. 307; Union Pass. Ry. Co.'s App., 81* Pa. 91; Strain v. Kern, 277 Pa. 209; Investor's Realty Co. v. Harrisburg, 281 Pa. 200.

The act also violates article I, section 9, of the state Constitution, in that certain provisions thereof are contrary to the law of the land: Palairet's App., 67 Pa. 479; Bowers v. Smith, 14 Pa. D. & C. 220.

*A. A. Geary,* with him *Corbett & Rugh,* for appellees. —The Act of 1917, does not violate article III, section 3, of the Constitution: Reeves v. Water Co., 287 Pa. 376; Sloan v. Longcope, 288 Pa. 196; Olyphant Boro. v. Canal Co., 225 Pa. 147; Patterson v. Dunkle, 8 Pa. D. & C. 265.

The act does not violate article I, section 9, of the Constitution: Grimm v. School Dist., 57 Pa. 433; Com. v. Marshall, 69 Pa. 328; Shenley v. Com., 36 Pa. 29.

The act does not violate the 14th Amendment to the United States Constitution: Pennoyer v. Neff, 95 U. S. 714; Leigh v. Green, 193 U. S. 80; Cunnius v. School Dist., 206 Pa. 469.

OPINION BY MR. JUSTICE SCHAFFER, April 13, 1931:

This is a proceeding which purports to have been commenced on February 24, 1930, under the Act of July 18, 1917, P. L. 1072, amended as to the first section by the Act of May 31, 1923. The statute really in force, however, and under which this suit should have been brought, is that of May 16, 1919, P. L. 180, which, though it did not expressly repeal or amend the Act of 1917, differs from the latter in certain minor details and ex-

pressly repeals all prior acts inconsistent therewith. Further confusion in the legislation grows out of the fact that by the Act of May 31, 1923, P. L. 477, the legislature undertook to amend the Act of 1917, notwithstanding the fact that the law then in force was the Act of 1919. The Act of 1917 is entitled "An act providing a method of establishing title to land acquired at a sale for unpaid taxes," and the Act of 1919 "An act providing a method of establishing title to land acquired at a sale for unpaid taxes or municipal claims." For the purposes of this case the only material difference between the Acts of 1917 and 1919, which difference was unaffected by the amendment of 1923, is that the requirement as to the beginning of proceedings to establish title was in the earlier act fixed at thirty days, whereas in the later act it is ninety days. We will treat the proceedings as having been begun under the act which was in force, that of 1919.

The first objection to the statute is that the title does not meet the requirements of article III, section 3, of the Constitution. We think with respect to the provisions which appellants, having appeared and answered, are at liberty to challenge, the act fulfills the constitutional mandate and would put a person of reasonably inquiring mind upon full investigation of the body of the act to ascertain all its provisions. In determining whether the title of an act sufficiently indicates the contents of the act, the Constitution presupposes a reasonably inquiring state of mind and such a state of mind would cause the reader to follow the trail, indicated by the main part of the title, into the body of the act: Reeves v. Phila. Suburban Water Co., 287 Pa. 376. Merely incidental things need not be recited in the title: Sloan v. Longcope, 288 Pa. 196. The provisions of the act relative to notice and the service of process do not affect appellants as they have appeared and answered: Stamey v. Barkley, 211 Pa. 313. "No one is entitled to be heard on a constitutional point which does not prej-

udicially affect him in the case under review": Com. v. Alderman, 275 Pa. 483, 487.

The second objection is that the statute does not meet the "law of the land" provision of article I, section 9, of the state Constitution or the "due process" and "equal protection" clause of the 14th Amendment to the federal Constitution. We are of opinion that our construction of the feature of the act of which complaint is chiefly made and our directions as to the practice to be pursued under it eliminate these objections and make discussion of them unnecessary.

Briefly summarized the terms of the statute are as follows: The purchaser of land at a sale for unpaid taxes may present his petition to the court of common pleas of the county wherein the land is situate, setting forth the location and description of the land, the names of the former owners, persons in possession, claimants, etc. Thereupon a rule shall be granted upon the persons named in the petition to appear within sixty days from its service and show cause why the title of the petitioner should not be adjudicated and decreed valid and indefeasible as against all rights or claims. The rule shall be indexed in the ejectment index. Service of the rule upon persons domiciled within the county is made in the same manner as writs of summons. Persons having their domicile without the county, or outside the State, are to be served by mailing a copy of the petition and rule by registered letter to their last known address. Notice by advertisement in a newspaper within the county is to be given to all persons to appear on or before the return day and show cause why the title of the petitioner should not. be adjudicated and decreed valid and indefeasible. On failure to appear, or to answer, the rule becomes absolute and all rights and claims of those against whom the rule is made absolute shall be totally barred, and any defects whatever in the procedure whereby the land was acquired at a tax sale shall not thereafter be asserted, and the title of the petitioner

shall be adjudicated and decreed valid and indefeasible as against all such persons. The last sentence of section 2 raises the real question to be determined. According to the Act of 1919, it reads: "If any person or persons shall appear and make answer to said petition, the court shall thereupon order and decree that such person or persons shall begin proceedings to establish his or their title or interest in, or claim against, said land, within ninety days thereafter, and if such person or persons shall fail to comply with said order or decree, the court shall thereupon make the rule absolute with the same force and effect as hereinbefore stated."

The court below, without passing upon the answer filed, made the rule absolute and ordered appellants to begin proceedings to establish their title within thirty days. The order should, of course, as pointed out above, have allowed the appellants ninety days within which to bring such proceedings. In their answer, appellants set up a good title to the land and denied the validity of the tax title, alleging that there were no taxes in arrear on which a valid sale could have been made, that, if there had been a tax levied, it was void and the result of a double assessment and other matters substantiating their claim of title not necessary here to be enumerated, but including an averment that they were in possession of the land. No traverse has been filed to the answer.

We are of opinion it could not have been contemplated by the framers of the act, or the legislature which passed it, that one who has a good and perfect title to land,—his home, let us say,—upon the filing of a petition by another setting up a title thereto by tax sale, should be compelled, without any denial or adjudication of the title he sets up, to begin proceedings to establish it. There would be no occasion for a rule to show cause if that were to be the necessary outcome. The rule would be in effect an absolute one in the first instance. The statute, providing as it does for a rule to show cause why the title of the petitioner should not be

adjudicated and decreed valid, contemplates that when the rule is answered, it shall be judicially determined whether cause has been shown. If it has been, by the showing of title in the respondent which as matter of law establishes his right to the land, and this is undenied, then the court should adjudicate and decree the petitioners' title to be invalid and should dismiss his petition. If, however, on the petition and answer as filed or after the traverse of the answer the court should be of opinion that the tax title set up by the petitioner warrants an issue to determine whether his title or that averred by the answer is the valid one, it should then order and decree that the respondent begin proceedings to establish his title. This can be done by the respondent's ruling the petitioner, if the latter is out of possession, to bring his ejectment, or if the petitioner is in possession, by the respondent's bringing his. If no answer is filed the rule becomes absolute, as the statute provides. To proceed as the court below did would overturn the established practice on rules to show cause, and also the course pursued in many instances in actions of ejectment. "Statutes are not presumed to make any change in the rules and principles of the common law or prior existing law beyond what is expressly declared in their provisions": Gratz v. Ins. Co. of North America, 282 Pa. 224, 234; Zimmerman v. Puro Coal Co., 286 Pa. 108.

The order is reversed at the cost of appellees, with directions to the court to proceed as outlined in this opinion. Leave is granted to petitioners to traverse the answer filed if they so desire.