## Meyers *v.* Manufacturers and Traders National Bank of Buffalo et al., Appellants.

Argued October 5, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*John A. Berkey,* with him *Charles G. Watson,* for appellants.

*Budd B. Boose,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, December 5, 1938:
The discussion of this case by appellants' counsel is as though an action of ejectment had been tried. The proceeding, however, has not reached that stage. The

appeal is from an order on appellants, respondents, to begin proceedings to establish their title to the land in dispute and grows out of a petition filed under the Act of July 18, 1917, P. L. 1072, as amended by the Acts of May 10, 1923, P. L. 182, Sec. 1, and May 31, 1923, P. L. 477, Sec. 1, 72 PS Sec. 6144, relating to the establishment of tax titles to real property.*

The petitioner averred that he became the purchaser from the county commissioners of the land in question, which the county had acquired as a result of a sale for delinquent taxes. The consideration paid by petitioner to the county was stated to be $3,010. The petition, in accordance with the terms of the Act, prayed for a rule upon the persons named as respondents to appear and show cause why petitioner's title should not be adjudicated and decreed valid and indefeasible. Some of the respondents did not appear, one did but disclaimed, and, as to them, the rule was made absolute. Those answering, who are the widow and heirs of Lorenzo Emerick, claimed title by adverse possession and denied the validity of petitioner's tax title. Testimony was taken, and, after hearing, the court directed respondents to begin proceedings to establish their title within ninety days, which the court in its opinion says can be done by them ruling plaintiff, if he is out of possession, to bring ejectment, or, if he is in possession, by defendants bringing the action. The court relied upon *Boocks's Petition,* 303 Pa. 363, 154 A. 710, as authority for its action.

In a proceeding such as this a hearing is not required. The better practice would be, not to have a hearing, but to determine the question as to whether the respondents should begin proceedings to establish their title upon

---

* See also Act of May 16, 1919, P. L. 180, Sec. 1, 72 PS Sec. 6139, covering cases in which there has been a sheriff's sale for unpaid taxes. The second section of this Act is the same as the second section of the Act of 1917, except as to the time fixed for beginning proceedings: *Boocks's Petition,* 303 Pa. 363, 154 A. 710.

the pleadings, the petition for the rule, the answer and traverse. There is nothing in the act which requires the petitioner to first show he has an absolute title. He need only show that he has a deed for the land sold for nonpayment of taxes at a tax sale. Upon such averment, he is entitled to a rule upon all persons in possession or former owners requiring them to show cause why his title should not be adjudicated and declared valid. "The statute, providing as it does for a rule to show cause why the title of the petitioner should not be adjudicated and decreed valid, contemplates that when the rule is answered, it shall be judicially determined whether cause has been shown. If it has been, by the showing of title in the respondent which as matter of law establishes his right to the land, and this is undenied, then the court should adjudicate and decree the petitioners' title to be invalid and should dismiss his petition. If, however, on the petition and answer as filed or after the traverse of the answer the court should be of opinion that the tax title set up by the petitioner warrants an issue to determine whether his title or that averred by the answer is the valid one, it should then order and decree that the respondent begin proceedings to establish his title": *Boocks's Petition,* supra.

Appellants contend that the court erred in receiving in evidence the deed of the county treasurer to the county commissioners and in receiving the deed of the commissioners to plaintiff.

It is argued that the treasurer's deed did not vest title in the county commissioners, because it was not shown that all the statutory requirements leading up to a tax sale had been complied with. The court states in its opinion that this reason was not urged before it as an objection to the admission of the deeds. The deeds recite that the lands had been rated and assessed for levying and raising lawful taxes, that the taxes were unpaid for two years, and that the lands were sold by the treasurer and purchased by the commissioners. In order to

render the deed from the treasurer admissible in evidence, it was not necessary to show compliance with all the prerequisites of the treasurer's sale. It is sufficient if it appears that the grantor was treasurer and that he did sell and convey to the commissioners: *Huston v. Foster*, 1 W. 477. The recitals in a county treasurer's deed made in pursuance of a sale for taxes raise the presumption that the sale was conducted according to law, and authorize the admission of the deed in evidence without further proof: *M'Coy v. Michew*, 7 W. & S. 386; *Coxe v. Deringer*, 82 Pa. 236; *Lee v. Jeddo Coal Co.*, 84 Pa. 74; *Glass v. Seger*, 265 Pa. 391, 109 A. 211. Some point is made of the fact that the deed from the county commissioners to petitioner was placed in escrow. It was shown that both the deed and the purchase money were deposited with a trust company, under a written agreement, pending the determination and adjudication of the title. If it shall be finally determined that the petitioner's title is good, under the agreement he cannot reclaim the money nor can the commissioners recall the deed. Under these circumstances, the delivery of the deed is irrevocable and takes effect for the purposes of this case from the date of the escrow deposit.

Respondents' claim is based upon adverse possession. We do not pass upon the validity of this claim nor do we take into account that the testimony indicates that appellants' husband and father, through whom they claim, and to whose alleged adverse possession they tack their own, did not enter upon the lands adversely and under a claim of right, but as an employee of the then record owner.

The court below properly determined that the title set up by the petitioner warranted an issue to determine its validity.

The order of the court below is affirmed at appellants' cost.