## Smith et ux. v. Leechman

*Eckert & Sohn* and *J. Frank Kelker*, for plaintiffs.
*Norman S. Faulk*, for defendant.

WILSON, P. J., September 25, 1945.—By stipulations filed the above-entitled action has been submitted to us as a case stated.

The question is whether or not plaintiffs have a good and marketable title to certain real estate, which was conveyed to B. Albert Smith by deed of David W. Denton, as Treasurer of Beaver County, on June 14, 1926, at a treasurer's sale for delinquent taxes, as the property of S. J. Dugan and D. M. Reisinger.

Subsequently at no. 218, September term, 1928, on petition of B. Albert Smith to the court of common pleas, a rule was issued under section 1 of the Act of July 18, 1917, P. L. 1072, as amended by the Act of May 31, 1923, P. L. 477 (72 PS §6144), "upon . . . S. J. Dugan and D. M. Reisinger, and generally upon all other persons not named in the petition who have or claim to have any right, title or interest in, or claim against the said land to appear within sixty days of the service of a rule to show cause why the title of your petitioner should not be adjudged and decreed valid and indefeasible against all rights or claims whatsoever. Said rule to be returnable to September 3, 1928. Notice to be given all persons by one advertisement in the Daily Times, a newspaper of general circulation in Beaver County. Said advertisement to appear sixty days prior to the return day hereof".

The section of the act above referred to provides, in part, as follows:

"As to persons domiciled within the county, the rule shall be served and returned as writs of summons are served and returned. As to those persons who do not have their domicile within the county in which the rule is issued, or those whose domicile is outside of the State, the rule may be served by mailing a true and attested copy of the petition and rule by registered letter to his or their last known address, if any.

"In addition thereto, the court shall direct that notice by one advertisement, in a newspaper of general circulation in the county where the land is situate, be given to all persons, including those named in the peti-

tion, to appear on or before the return day of the rule, and show cause why the title of the petitioner should not be adjudicated, and decreed valid and indefeasible as against all rights or claims whatsoever. The advertisement shall be made at least sixty days before the return day of the said rule."

This clearly directs that the rule must be personally served on all persons named or interested, if known, residing within the county; or served on persons outside the county by registered mail, and in addition served by advertisement. We are in ignorance of the residence of S. J. Dugan, but it is known to us that D. M. Reisinger was a resident of Beaver County. The record at no. 218, September term, 1928, discloses no personal service on him, nor does it disclose any service by registered mail on either him or S. J. Dugan. The only notice shown is an advertisement. This is patently insufficient, and the proceeding to quiet tax title at no. 218, September term, 1928, was abortive and a nullity.

Therefore it is impossible for us to declare the title of B. Albert Smith good and marketable. The statute of limitations as to title by prescription has not run, and all he has is a bare tax title which may be attacked in any number of ways. See Beacom v. Robison et ux., 157 Pa. Superior Ct. 515, and Meyers v. Manufacturers and Traders Natl. Bank of Buffalo et al., 332 Pa. 180. Judgment must be given for defendant.

*Order*

And now, September 25, 1945, for the reasons appearing in the foregoing opinion, it is hereby ordered, adjudged and decreed that judgment be and the same is hereby entered for defendant at the costs of plaintiffs; and the prothonotary is hereby authorized and directed to so note on the record.