## Zerbe Township School District et al. v. Lark et al.

*Richard Henry Klein,* for plaintiff.
*Stephen L. Gribbin,* for petitioner.

LARRABEE, P. J. (twenty-ninth judicial district), specially presiding, August 26, 1946.—Nell Frantz presented her petition, through Arthur B. Shutts, whom she avers is her legally constituted attorney in fact, in which she sets forth that on September 14, 1945, and for a period thereafter she was the owner and in possession of certain tracts of land, situate in Zerbe Township, Northumberland County: . . .

That she was not named as a party defendant to these proceedings when plaintiffs' bill in equity was filed on September 14, 1945, and therefore was not

served with process and that no claim has been asserted against her in plaintiffs' bill. She further recites that plaintiffs do not aver in their bill that she committed or threatened to commit any acts of waste on said lands.

Petitioner avers that the above-described lands were purchased by the County Commissioners of Northumberland County at county treasurer's sale on April 29, 1943, and January 25, 1945, and the commissioners did not acquire a valid title to said lands by reason of the aforesaid tax sales, and she asks that the county commissioners be required and directed to institute an action in ejectment against her to try the title and right of possession to said lands.

Petitioner requests that she first be given an opportunity to try the title to the above described tracts of land and that any mining on said tracts by the receiver should be discontinued until the question of title can be determined. She also avers she was ousted from the possession of said lands by the receiver on or after September 14, 1945.

Wherefore petitioner asks that she be allowed to intervene in this proceeding for the purpose of filing this petition of record and for an order of court directing the receiver to cease mining upon lands or in any way interfering therewith until the right of the county commissioners or the receiver to enter upon said lands has been adjudicated by a proper action in ejectment.

A rule was granted upon Edward J. O'Rourke, the receiver, to show cause why he should not be directed to cease mining coal upon said lands until the right of the county commissioners, or the receiver, to enter upon said lands has been duly adjudicated by an action of ejectment, and that the said Nell Frantz be placed in possession of said lands forthwith.

An answer was filed by the receiver, respondent in the rule, in which he denied that on September 14,

1945, when plaintiffs' original bill in equity was filed, Nell Frantz was the owner of any of the aforesaid lands as claimed in her petition; he avers that the Commissioners of Northumberland County purchased at county treasurer's sale on April 29, 1943, for unpaid taxes: (a) 91 acres, being part of the 105-acre tract described in said petition, and (c) 812.2 acres described in the petition, and that deeds for these tracts and portions of said tracts were delivered by the Treasurer of Northumberland County to the commissioners of said county, duly acknowledged, and recorded on September 2, 1943, in county treasurer's deed book; that the statutory period of two years for the redemption of said lands expired on April 29, 1945, and these lands were not redeemed then or at any time since, and, therefore, the County of Northumberland is now the absolute owner of these portions of said lands above described.

Respondent further answers that the County Treasurer of Northumberland County sold to the commissioners of said county, for unpaid taxes, on January 25, 1945, the remainder of said tracts of land described in the petition for the rule; that deeds for said remaining parts of these tracts were delivered by the Treasurer of Northumberland County to the commissioners of the county, duly acknowledged on June 25, 1945, and recorded on September 25, 1945, in the office of the prothonotary in treasurer's deed book no. 1944, and that continuously down to the time of filing said answer the remaining parts of these lands have not been redeemed and therefore the County of Northumberland remains the conditional owner thereof until the end of the two-year statutory period for redemption from the date of said treasurer's sale on January 25, 1945.

Respondent avers that petitioner has no standing in law to complain of the mining on said last-mentioned tracts by the receiver as long as the title, even though

it be a conditional title, as to these parts of the lands, remains in the County of Northumberland.

Respondent avers that waste was being committed on said lands on or about September 14, 1945, and for some time prior thereto.

Respondent also avers that Nell Frantz was not ousted by him from said lands but, on the contrary, she never went into possession of the same.

Respondent admits that Nell Frantz was not named as a party defendant in the original bill in equity but by order of court made on March 19, 1946, she was permitted to become a party thereto by intervening in this proceeding; that all the tracts of land set forth in the second paragraph of the petition for the rule were also set forth and described in the original bill in equity and were, therefore, included in the order of court of September 14, 1945, when an injunction was issued to restrain waste and a receiver was appointed.

Respondent further answers that the said Nell Frantz never paid any taxes on said lands since she received the title deed to the same. Respondent also avers that on September 14, 1945, when said injunction was issued restraining waste, Nell Frantz had no title to said lands and was not in possession of the same.

Lastly, respondent avers that said county treasurer's tax sales were legally held and by virtue thereof title to said lands passed to the Commissioners of Northumberland County and they are now the owner of these lands; that there is nothing to prevent Nell Frantz from bringing an action of ejectment against the county commissioners to try the title to said lands if she so desires; and respondent, as receiver, has given a corporate surety bond in a sum adequate to cover all moneys coming into his hands as royalties received from coal mined under his direction.

*Findings of fact*

1. The court finds from the testimony adduced at the hearing, that petitioner, Nell Frantz, was not in possession of the said lands, described in the second paragraph of her petition, either actually or constructively, on September 14, 1945, nor at any time since down to the filing of her said petition for the rule.

2. By deed bearing date of August 8, 1940, one Mary Jane Buckley conveyed to Nell Frantz, petitioner herein, title to the three tracts described in the second paragraph of the petition for the rule and comprising upwards of 1,000 acres of coal lands.

3. The amount of consideration or purchase price actually paid by Nell Frantz for these three tracts of land was $1.

4. The deed conveying title to Nell Frantz to the three tracts of land was placed on record March 9, 1943, three years after it was executed and delivered to her.

5. Nell Frantz has never paid any taxes whatsoever on these tracts from the time she took title to them.

6. The unpaid taxes assessed and charged against the aforesaid lands amount to upwards of $300,000.

7. Nell Frantz, a resident of Philadelphia, never saw these tracts of land or entered upon them either actually or constructively down to the time of the filing of her petition for the rule on March 19, 1946.

8. At the county treasurer's sale for unpaid taxes held April 29, 1943, the Commissioners of Northumberland County purchased the following tracts of land, which were owned by the said Nell Frantz: (a) 91 acres (part of 105 acres) being part of the William Gray tract in Zerbe Township aforesaid, referred to in the forty-fifth paragraph of the bill in equity filed in the above case; (c) 812.1 acres in Zerbe Township as referred to in subsection F of the forty-eighth para-

graph of the bill in equity filed in the above case; and deeds to same were duly acknowledged and delivered by the Treasurer of Northumberland County to the county commissioners, and recorded September 2, 1943, in the office of the Prothonotary of Northumberland County in treasurer's deed book 1943.

9. At the county treasurer's sale for unpaid taxes held on January 25, 1945, the Commissioners of Northumberland County purchased the following tracts of land which were the portions remaining of the three tracts formerly owned by Nell Frantz that were not sold at the tax sale on April 29, 1943: (a) 14 acres (part of 105 acres) being parts of the John N. Bailey and Benjamin Young tracts (comprising, with other tracts, the "Trevorton Estate") in Zerbe Township aforesaid, referred to in the forty-fifth paragraph of the bill in equity filed in the above case; (b) 81.4 acres comprising parts of the warrantee tracts surveyed in the names of Benjamin F. Young, J. Nicholas Bailey, Henry Yoxtheimer and John G. Martin, in Zerbe Township, referred to in the forty-sixth paragraph of the bill in equity filed in the above case; and deeds for said tracts were duly delivered by the Treasurer of Northumberland County to the commissioners of said county, acknowledged, and recorded on September 25, 1945, in the office of the Prothonotary of Northumberland County in treasurer's deed book 1944.

10. Nell Frantz has not redeemed any of the aforesaid lands.

11. Nell Frantz was not named as one of the defendants in plaintiffs' bill in equity, but by petition presented and filed on March 19, 1946, she was given permission to intervene as a party defendant in this equity suit, for the purpose of presenting her petition for the rule.

12. The receiver appointed for the purpose only of conducting any mining operations thereon, has been in

possession of said lands from the date of his appointment September 14, 1945, down to the present time.

13. Nell Frantz was not in possession of the lands aforesaid at the time of the appointment of said receiver on September 14, 1945.

14. There are no buildings or improvements on any of the aforesaid lands.

### Discussion

Nell Frantz, in her said petition, avers that the said tax sales held by the county treasurer on April 29, 1943, and January 25, 1945, "were illegal and void; that the county commissioners did not acquire title to said lands by reason of the aforesaid tax sales, and that the commissioners should be required and directed to institute an action in ejectment against her to try the title and right of possession to said lands before being summarily dispossessed".

And in another paragraph of her petition Nell Frantz further avers that if the receiver is permitted to mine said lands "without an opportunity of having had her title tried in a court of law, she will be deprived of valuable property rights".

At the argument had on the rule the contention of counsel for Nell Frantz was devoted chiefly to the averments in her petition that the tax sales by which the aforesaid tracts of land were sold by the county treasurer to the Commissioners of Northumberland County, were not made according to law, in that they did not comply with certain statutory requirements and, therefore, did not convey a good title. Counsel also argued that the court should make an order directing the Commissioners of Northumberland County to institute an action in ejectment against Nell Frantz to try the title to said lands, to frame an issue thereon and certify the same to the law side of the court.

Counsel for petitioner further contend that a court of equity has no jurisdiction to settle a disputed title

to land and the proper remedy is by ejectment, instituted by the county commissioners against her.

Thus the burden of the argument of petitioners' counsel was that the chief reason for desiring that the receiver be directed to cease mining on the land was for the express purpose of having this matter of disputed title certified to the law side of the court and there tried in an action of ejectment.

At the hearing on the rule Nell Frantz testified that she had never seen the tracts of land in question; that she had never been on the lands; had never paid any taxes on these lands and had constituted Arthur B. Shutts her attorney in fact, by a writing bearing date of March 14, 1946, to prepare and present said petition for the rule, and represent her in this matter. She further testified she knew nothing whatever about these proceedings.

Petitioner also testified that the said Arthur B. Shutts, her brother-in-law, held the title deeds to these properties and said "he bought the property and gave it to me".

When asked, on cross-examination, how much she had paid for these lands, Nell Frantz replied "just the dollar" consideration, and further replied that that was all the money she had ever invested in these lands. And it was testified the sum of $1 was the consideration named in the deed.

Nell Frantz also testified, under cross-examination, that she had never received any financial benefit from these lands, and admitted that down to the time of presenting the petition for the rule she did not know a receiver had been appointed.

The said power of attorney executed by Nell Frantz to her brother-in-law, Arthur B. Shutts, states that she constitutes him "her lawful attorney to enter into and take possession of all lands and tenements and real estate to or in which she is now in possession, or in any way entitled or interested".

Petitioner, Nell Frantz, further testified she resides in Philadelphia, Pa.

Franklin S. Nuttling, called as a witness by petitioner, testified he entered into a written agreement with Frank J. Neiman and Arthur B. Shutts, as the agents of Nell Frantz, to buy a tract of 105 acres of land, which are part of the lands described in the petition, and this agreement was entered into on October 1, 1945, which date was two weeks after the time when plaintiffs' original bill in equity was filed, injunction issued and receiver appointed to supervise said lands.

Nuttling admitted he did not go on these lands after the date of said written agreement to purchase, but said that he had been there a year before without any agreement whatsoever, either written or verbal, with Nell Frantz; he said he was doing some coal mining there a year before the date of said written agreement. Apparently this mining was done by Nuttling, without the permission of Nell Frantz, either written or verbal, and in thus entering upon the land without such permission he was acting in the rôle of what is commonly designated a "squatter". On this question Nuttling frankly admitted he had had no dealings whatever in the way of obtaining permission from Nell Frantz for occupying this 105 acres, or any part of it, on or before the receiver was appointed, to wit, September 14, 1945.

Nuttling further testified that to his knowledge Nell Frantz was never on these lands. On this question we quote the following testimony given by the witness Nuttling:

"Q. Mr. Nuttling, had you any dealings in the way of obtaining permission from Nell Frantz for occupancy of this 105 acres or any part of it in the Trevorton Estate before the receivership on the 14th of September, 1945?

"A. I had not.

"Q. Had you been paying any royalties to any of her agents, either Mr. Neiman or Mr. Shutts, prior to the receivership on September 14, 1945?

"A. I had not.

"Q. Was Miss Frantz ever on this land to your knowledge?

"A. Not to my knowledge.

"Q. Prior to the receivership, had you had any conversation with her about it?

"A. I had not.

"Q. Are there any buildings on this 105 acres other than such structures as you might have put there?

"A. No.

"Q. You did know that Miss Nell Frantz was the record owner of this land?

"A. Not until after the time the receiver was appointed."

Petitioner then called Frank J. Neiman as a witness in her behalf, who testified he was acting, in company with Arthur B. Shutts, as agent for Nell Frantz, insofar as her lands in said Zerbe Township were concerned. He admitted he handled the matter of the recording of the deed wherein Nell Frantz was named as grantee to said lands, and that this deed was not recorded for three years after he, Neiman, had received it for Nell Frantz. Under cross-examination, when asked why the deed had not been recorded until that date, Neiman testified he had "neglected it".

Neiman further admitted that Nell Frantz had never given a deed to either Neiman or her brother-in-law, Arthur B. Shutts, for any interest in these lands to which she took title from Mary Jane Buckley.

Neiman testified that no money whatsoever had been spent by Nell Frantz in the development of these lands and they were in the same condition at the time of this hearing as they were when she took title to them.

However, on this subject Neiman made the admission that while neither Shutts nor himself had anything on record to show they held any interest in the land, that is, they had no paper title or written agreement, nevertheless the three parties, that is, Nell Frantz, Frank J. Neiman and Arthur B. Shutts "really owned the land although title to same was taken in the name of Nell Frantz alone". Neiman further testified that when Nuttling first entered upon these lands and began mining operations upon them that *it was not done* with the consent or knowledge of Neiman. Neiman also said no royalties were received by either Nell Frantz, Arthur B. Shutts or himself for any coal mined on these lands prior to the time plaintiffs' bill in equity was filed.

Neiman also admitted no taxes had ever been paid on this land since it was bought by Nell Frantz.

Neiman testified that neither Nell Frantz, Arthur B. Shutts or himself ever made any demand to redeem these lands for the unpaid taxes and that neither Nell Frantz or himself had ever caused to be erected on these lands any structures and that no money had been spent by these parties in the development of these lands. There was some testimony by Neiman to the effect that he had been on this property before the time the receiver was appointed, but it is rather vague and indefinite and in places he seems to contradict himself on this question.

The witness, Lester Horam, called by respondent in the rule, testified he is a clerk in the office of the Commissioners of Northumberland County, and that according to the records in said office the amount of taxes remaining unpaid on these three tracts of land, formerly owned by Nell Frantz and sold at tax sales to the Commissioners of Northumberland County, as aforesaid, is upwards of $300,000.

Therefore, by the open admissions made by Nell Frantz that she never was upon this land from the

time the title deed was made to her down to the time of the hearing on the rule, which admissions are corroborated by the witness Nuttling, and in view of the indefinite and meager testimony of the witness Neiman relative to the question of whether he had ever been on this land as agent for Nell Frantz, we conclude there is ample competent testimony to justify the court in finding that Nell Frantz was not in possession of said tract of land, either actually or constructively, not only when the receiver was appointed on September 14, 1945, but down to the time she filed her petition in this matter, to wit, March 19, 1946.

Nell Frantz, in her petition, avers she was not made a party defendant in plaintiffs' original bill in equity and the aforesaid lands which are in controversy here, were not covered by the injunction issued September 14, 1945.

In passing on this question we find that paragraphs 116 and 117, in plaintiffs' bill in equity, allege that defendants "and other persons *whose names are unknown to plaintiff*, are mining coal on land purchased by the county in Zerbe Township and removing the same to the detriment of plaintiffs". The injunction issued by the court, on the basis of the complaint in said bill, not only restrained defendants therein named but *"all others"* from mining coal on these lands. Furthermore, we find that the lands which were formerly titled in her name, even though Nell Frantz was not named as a party defendant, are covered by the injunction restraining the commission of waste.

Counsel for Nell Frantz in stressing the contention that the court should direct the Commissioners of Northumberland County to institute an action in ejectment against her to try the title to these tracts in question rely chiefly on the decisions in Boock's Petition, 303 Pa. 363, and Meyers v. Manufacturers & Traders National Bank et al., 332 Pa. 180.

An examination of these decisions disclose that they were cases where the petition for such an order was brought either by the *purchaser* at a tax sale or from the county commissioners and it is self-evident that in the instant case Nell Frantz is not such a "purchaser".

The Supreme Court in Boock's Petition, supra, in referring to the Act of May 16, 1919, P. L. 180, under which that action was brought, said (p. 367) :

"Briefly summarized the terms of the Statute are as follows: The purchaser of land at a sale for unpaid taxes may present his petition to the court of common pleas of the county wherein the land is situate, setting forth the location and description of the land, the names of the former owners, persons in possession, claimants, etc. Thereupon a rule shall be granted upon the persons named in the petition to appear within sixty days from its service and show cause why the title of the petitioner should not be adjudicated and decreed valid."

In Meyers v. Manufacturers & Traders National Bank, supra, the Supreme Court said (p. 182) :

"The petitioner averred that he became the purchaser from the county commissioners of the land in question, which the county had acquired as a result of a sale for delinquent taxes. . . . The petition, in accordance with the terms of the Act, prayed for a rule upon the persons named as respondents to appear and show cause why petitioner's title should not be adjudicated and decreed valid and indefeasible."

In that case it appears that the acts referred to were those of July 18, 1917, P. L. 1072, as amended by the Acts of May 10, 1923, P. L. 182, sec. 1, and May 31, 1923, P. L. 477, sec. 1, relating to the establishment of tax titles to real property, and in a footnote to the opinion the Act of May 16, 1919, P. L. 180, sec. 1, is referred to and included.

Thus it is obvious that the two cases upon which counsel relied to sustain their position, have no application to the case at bar, for in those cases the petitions for an order of court were filed by a purchaser either from the county commissioners or at a tax sale. It is self-evident that Nell Frantz is not a purchaser within the meaning of those acts for it is undisputed that she derived title from one Mary Jane Buckley and not the county commissioners.

There are other acts which Nell Frantz contended provide that the court may direct the Commissioners of Northumberland County to institute an action of ejectment against Nell Frantz and to frame an issue and certify it to the law side of the court. These acts are found in 12 PS §§1543, 1545, 1541, and among the decisions construing these acts are Brewer v. Curtis, 130 Pa. Superior Ct. 270, Wilkinson v. Strohecker, 16 Northum. 308, and Paslawski et al. v. Borys, 138 Pa. Superior Ct. 288.

However, an examination of these acts show they apply only to a petition made to the court *by one in possession of the land.* See also Hutchinson v. Dennis, 217 Pa. 290, which holds that two of the acts under which a petition may be filed compelling one in possession to bring an action in ejectment relate solely to cases where petitioner is in possession and obtains an order to compel defendant who disputes his title to try the same in an action of ejectment.

In Paslawski v. Borys, 138 Pa. Superior Ct. 288, where one in possession of certain lands presented his petition to the court of common pleas setting forth he claimed title to the premises in controversy and prayed for a rule on the purchaser at sheriff's sale to bring his action of ejectment, Judge Keller, speaking for the Superior Court, said (p. 295) :

"Of course, as possession in her is an absolute prerequisite to her rule being made absolute, if she is

out of possession she must bring ejectment herself, and cannot require Paslawski to do so."

It was said in Sautter et ux. v. Rowland, 285 Pa. 212:

"No doubt the plaintiff in an action of ejectment must prove defendant's possession, which is usually done by offering in evidence the sheriff's sworn return of service of the writ." (p. 216.)

In McCanna v. Johnston, 19 Pa. 434, the Supreme Court laid down the principle which has been followed ever since, that: "A plaintiff, in order to recover in ejectment, must establish not only his own title, but also the possession of the defendant." (p. 438.)

And in Vanderslice v. Donner, 26 Pa. Superior Ct. 319, it was said that: "As against one in actual possession, the right of a claimant of title, out of possession, must be asserted by an action of ejectment." (p. 323.)

None of the acts of assembly above referred to and cited by Nell Frantz to sustain her position apply to the question before us in view of the fact that the court finds she is not in possession of the lands in question, and furthermore was not a "purchaser" within the meaning of any of the acts and decisions cited.

As to the seated lands sold to the county commissioners at the tax sale in April 1943, there are certain acts whose provisions are available to Nell Frantz and these are known as the Modern Ejectment Acts (see 12 PS §1547). However, it will be noted that under these acts one of the primary requirements is that plaintiff shall be out of possession. (See Ryan v. Bruhin, 88 Pa. Superior Ct. 61.)

Therefore, in the light of these acts and decisions it is clear that Nell Frantz, being out of possession of said lands, does not require the permission of this court in order that she may proceed to bring an action

of ejectment against the Commissioners of Northumberland County to try the title to the lands.

We can find no merit in the contention of petitioner for the rule that where a court of equity has assumed jurisdiction for the purposes of entering upon an inquiry of the matters raised in plaintiffs' original bill in equity and has issued an injunction to prevent waste and appointed a receiver to look after the mining operations on said lands, and collect royalties, that therefore petitioner is prevented from bringing an action in ejectment against the Commissioners of Northumberland County if she so desires. We conclude that petitioner is free to bring an action of ejectment against said commissioners at any time she so desires.

As the evidence clearly shows that petitioner, Nell Frantz, is out of possession of said lands, we are of the opinion she has mistaken her remedy in this matter and should have instituted her proceeding in another forum.

In the recent decision in Moeller v. Washington County et al., 352 Pa. 640, where the county commissioners acquired title to a brewery at treasurer's sale for unpaid taxes and after the two-year period for redemption passed the county sold the brewery machinery contained in said plant, it was held the county was within its rights in so doing. If this be true as to machinery installed in a brewery we are of the opinion it should also hold true in the instant case, as to any coal or minerals remaining in the said tracts of land which Nell Frantz failed to redeem.

The receiver who was appointed to look after the mining operation on these lands has given an adequate bond with corporate surety conditioned for an accounting of all royalties received by him on coal mined on said tracts.

In thus passing on the chief question raised by petitioner for the rule we feel it is not necessary to pass on

the other requests for findings of fact and conclusions of law made by counsel for the respective parties. These requests are being filed of record with this adjudication.

### Conclusions of law

1. Petitioner, Nell Frantz, being out of possession of said lands, is therefore in position to bring an action of ejectment directly against the Commissioners of Northumberland County if she desires to try the title to said lands.

2. Nell Frantz, being out of possession of said lands and not a purchaser of the same either at a tax sale or from the county commissioners, therefore has no standing legally to ask the court to order the Commissioners of Northumberland County to bring an action of ejectment against her and to frame an issue and certify the same to the law side of the court to try said title.

3. The fact that a court of equity has assumed jurisdiction of the case for the purpose of entering upon an inquiry of the matters set forth in plaintiffs' bill, and for issuing an injunction and appointing a receiver, does not prevent the petitioner herein from instituting an action of ejectment in a court of law against the county commissioners if she desires to try the title.

4. Nell Frantz, having failed to redeem any of the lands sold to the County Commissioners of Northumberland County at the tax sale of April 29, 1943, an absolute title to the same has become vested in the County of Northumberland.

5. The remainder of said tracts of land that were sold by the county treasurer to the Commissioners of Northumberland County, at the tax sale on January 25, 1945, conveyed a conditional title subject only to the right of redemption by the owner within two years from the date of said sale.

6. The recitals in a county treasurer's deed made in pursuance of a sale for unpaid taxes, prima facie, raise a legal presumption that the sale was in pursuance of a regular assessment and conducted according to law.

7. All the said lands of Nell Frantz sold to the Commissioners of Northumberland County by the county treasurer are held by the county commissioners as trustees for the County of Northumberland.

8. Nell Frantz lost all the interest she had in the lands sold at tax sale on April 29, 1943, when she failed to redeem the same within the statutory period of two years. (See recent decisions in Hunter v. McKlveen et al., 353 Pa. 357, and Moeller v. Washington County et al., 352 Pa. 640.)

9. We conclude that the rule to show cause issued on the petition of Nell Frantz should be discharged.

### Decree nisi

And now, to wit, August 26, 1946, upon consideration of the foregoing case it is ordered, adjudged and decreed as follows:

The rule to show cause issued upon the petition of Nell Frantz is hereby discharged at the cost of petitioner for the rule.

### Opinion sur exceptions

FORTNEY, P. J., and LARRABEE, P. J. (twenty-ninth judicial district), specially presiding, February 25, 1947.—The above-named intervening defendant, Nell Frantz, filed exceptions to the adjudication and decree of this court filed August 26, 1946, in the above-entitled matter.

Argument was duly had on the said exceptions before the court en banc.

In the opinion of the court filed under date of August 26, 1946, it discharged the rule granted upon Edward J. O'Rourke, the receiver, to show cause why

he should not be directed to cease mining coal upon said lands of Nell Frantz until the rights of the county commissioners or the receiver to enter upon her said lands had been duly adjudicated by an action of ejectment, and the said Nell Frantz be placed in possession of her said lands forthwith, and the court in its eighth conclusion of law declared that Nell Frantz had lost all the interest she had in said lands sold at tax sale on April 29, 1943, when she failed to redeem the same within the statutory period of two years.

Counsel for Nell Frantz contended that under the Act of July 28, 1941, P. L. 535, and the Act of May 24, 1945, P. L. 945, as long as the title to the lands in question remained in the county commissioners that Nell Frantz has a right not only to enter into an agreement with the county commissioners to redeem said lands by paying the taxes in five annual installments, but that under the Act of May 1945 the county commissioners may file their petition in the court of common pleas reciting, inter alia, that before exposing the property to public sale they had fixed an upset price under the provisions of said act and were unable to obtain a bid sufficient to pay said upset price, and pray that a decree be made that said property shall be sold free and clear of all liens and claims and upon hearing had thereon the court shall decree that said property shall be sold at a subsequent date clear of all liens to the highest bidder, provided, however, that any owner of the property so sold may, within 10 days after date of said sale, redeem the property so sold upon payment of the bid price, costs of sale and a penalty of 10 percent.

Counsel for Nell Frantz contend that as long as title to said lands remained in the county commissioners she is entitled, as the last former owner of the same, to the benefit of the above-recited provisions and that the eighth conclusion of law, as set forth in the opinion of this court of August 26, 1946, would appear to deny

to Nell Frantz this right under the provisions of the Act of May 24, 1945.

Upon due consideration of the matter the court is of the opinion that all the exceptions filed by Nell Frantz as hereinbefore stated, should be dismissed, but we are also of the opinion that it was not the intention of the court in stating in conclusions of law no. 8 that Nell Frantz has lost "all interest" in the lands sold at tax sale on April 29, 1943, to rule that she was also deprived of her rights under the provisions of the aforesaid Acts of 1941 and 1945, and we are of the opinion that she still has the right, as such former owner, to redeem said lands purchased by the county commissioners in April 1943, under the so-called secondary right of redemption provided for by the Act of 1941, and she also has the further right to redeem her property if sold by the county commissioners under the provisions of the Act of May 24, 1945, within 10 days after the date of said sale, upon payment of the bid price, costs of sale and a penalty of 10 percent.

## Decree

And now, to wit, February 25, 1947, exceptions filed by the said Nell Frantz to the adjudication and decree of the court filed August 26, 1946, are dismissed at the cost of exceptant; and the said Nell Frantz, as the last former owner of said lands, before they were purchased by the county commissioners at county treasurer's sale, in 1943, has the right to redeem said lands under the provisions of the Act of July 28, 1941, P. L. 535, and also the right to redeem them under the provisions of the Act of May 24, 1945, P. L. 945, with particular reference to the right to redeem within 10 days after the date of the sale by the county commissioners upon payment of the bid price, the costs of sale, and a penalty of 10 percent of the bid price.